IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECCA RUSSEL,
*o/b/o* M.B.                                                                    PLAINTIFF

vs.                                        Civil No. 2:25-cv-02139

FRANK BISIGNANO,                                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Rebecca Russel ("Plaintiff") brings this action on behalf of M.B., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying M.B.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1.     Background

Plaintiff's mother filed a childhood disability application on behalf of M.B. on January 31, 2022, alleging a disability beginning February 20, 2009. (Tr. 14).[1] The Social Security Administration denied Plaintiff's applications initially and on reconsideration. *Id.*

---

[1]References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 14. These references are to the page number of the transcript itself, not the ECF page number.

Plaintiff requested an administrative hearing on the denied application, and this request was granted. (Tr. 107-172). The ALJ held a hearing on April 8, 2024. (Tr. 28-58). Following the hearing the ALJ issued an unfavorable decision. (Tr. 11-26).

In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since the application date of January 31, 2022. (Tr. 15, Finding 2). The ALJ found M.B. had the severe impairments of bilateral club feet status post-surgery, acquired equinus deformity of both feet, bilateral knee arthrogryposis, leg length discrepancy, corns, and callosities. (Tr. 15, Finding 3). However, the ALJ further found M.B. did not have an impairment or combination of impairments that was medically or functionally equal to a listed impairment. (Tr. 15, Finding 4).

In assessing whether M.B.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 16-20, Finding 5). Specifically, the ALJ determined M.B. had the following limitations in the six domains of functioning: (1) no limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) a marked limitation in moving about and manipulating objects; (5) no limitation in ability to care for himself; and (6) a less than marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined M.B. had not been under a disability, as defined by the Act, since January 31, 2022. (Tr. 20, Finding 6).

Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied on August 27, 2025. (Tr. 1-6). As a result, Plaintiff brought this action under 42 U.S.C. § 405(g), appealing the Commissioner's final decision.

**2.** **Applicable Law**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

The regulations prescribe a three-step process for making the disability determination in child cases. First, the ALJ must determine whether the child has engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. *See* 20 C.F.R. § 416.924(d). A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating to others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See*

20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See* 20 C.F.R. § 416.926a(e). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *Id.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *Id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *Id.*

**3.** **Discussion**

In Plaintiff's appeal brief, she argues (1) the ALJ erred in not finding Plaintiff met a Listing and (2) the ALJ failed to properly evaluate the Domains of Functioning. ECF No. 16.

**A. Listings**

In his decision, the ALJ discussed why M.B.'s medical evidence did not support a finding that he met Listing 101.18 for an abnormality of a major joint in any extremity. (Tr. 15-16). The ALJ properly concluded the record did not contain the required documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands; or an inability to use one upper extremity to independently initiate, sustain, and complete age-appropriate activities involving fine and gross movements as required by the Listing. (Tr. 15-16). 20 C.F.R. Part 404, Subpart P, App'x 1, Listing 101.18(D)(1), (2), (3).

Plaintiff also argues the ALJ erred by not considering Listings 101.17 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint), 101.21 (soft tissue injury or abnormality under continuing surgical management), and 110.08 (a catastrophic congenital

4

disorder). However, Plaintiff fails to identify error on the part of the ALJ in evaluating M.B.'s impairments under these listings.

Like Listing 101.18, Listing 101.17 requires a documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands. 20 C.F.R. Part 404, Subpart P, App'x 1, Listing 101.17(C). Plaintiff attempts to claim that M.B.'s need for orthotics is the same as the listing requirement of a documented medical need for a walker, bilateral canes, bilateral crutches, or wheeled and seated mobility device. However, Plaintiff's argument fails because the listing clearly sets forth the assistive devices required and, the ALJ properly decided there was no documented evidence of this.

Listing 101.21 requires evidence of continuing surgical management directed toward saving, reconstructing, or replacing the affected part of the body. 20 C.F.R. Part 404, Subpart P, App'x 1, Listing 101.21(A). Plaintiff references "at least two surgical interventions," (ECF No. 16, p.8), but the record fails to establish a "continuing surgical management" as required by the Listing.

Plaintiff also fails to meet the criteria of Listing 110.08 for catastrophic congenital disorder. To begin with, Plaintiff fails indicate what impairment should be evaluated under this listing. Disorders considered under this listing include anencephaly, cyclopia, chromosome 13 trisomy (Patau syndrome or trisomy D), chromosome 18 trisomy (Edwards' syndrome or trisomy E), cri du chat syndrome (chromosome 5p deletion syndrome), and the infantile onset form of Tay-Sachs disease. 20 C.F.R. Part 404, Subpart P, App'x 1, Listing 110.00(D). There is nothing in the record to show Plaintiff suffers from any of the disorders considered under this listing.

**B. Functional Equivalence**

As noted above, the ALJ evaluated six domains of functioning to determine functional equivalence: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being. (Tr. 16-20). The ALJ properly determined M.B. had no limitation in four domains, and a less than marked limitation and marked limitation in the other two functional domains and he did not equal or meet a listing. In determining M.B.'s limitations in the six domains, the ALJ discussed his medical records, teachers' assessments and reports from his mother.

The medical record fails to establish functional equivalence to a listing. The ALJ discussed the findings of Dr. Tina Jones and Dr. H. Fraizer Kennedy. (Tr. 19-20). These state agency medical consultants reviewed the available medical record and provided support for the ALJ's findings. The ALJ also discussed in detail the testimony and statements of M.B.'s mother who indicated there were no problems with seeing, hearing, talking, communicating, understanding and using what was learned, interacting socially or engaging in social activities, caring for personal needs and safety, and paying attention and sticking with a task. (Tr. 209-217, 243-250).

After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's findings in this case. For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.

**4.      Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is supported by substantial evidence and should be affirmed. A judgment

incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **26th day of May 2026**.

/s/*Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE